UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE BOLSZIO,

        Plaintiff

  vs.                                                                                                  COMPLAINT

RAY LAKS HONDA, LITHIA MOTORS, INC.

        Defendants.
_____

1.  This is a complaint pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 201 *et. seq.,* as amended by the Equal Pay Act, 29 USC Section 206 (hereinafter the Act). Plaintiff also raises claims under New York Law.

**JURISDICTION AND VENUE**

2.  Jurisdiction is conferred upon this court by 28 USC § 1331 and 1343; supplemental jurisdiction over plaintiff's state law claims is conferred upon this court by 28 USC § 1367.

3.  Venue is properly laid in the Western District of New York pursuant to 28 USC § 1391(b) because one of the Defendants is located in the Western District of New York, and because the events giving rise to the Complaint occurred in the Western District of New York.

4.  Written consent of the Plaintiff, as required by 29 U.S.C. 216(b), is being filed with the Court simultaneously with the filing of this complaint.

**PARTIES**

5. Defendant Ray Laks Honda is a business with a store location in Orchard Park, New York, that is in the business of buying and selling new and used vehicles, and is an employer as defined by applicable statutes. By reason of these activities, the defendant and its employees, including the Plaintiff, have been engaged in commerce within the meaning of the Act.

6. Upon information and belief Ray Laks Honda is also known as Ray Laks Honda of Orchard Park.

7. Defendant Lithia Motors, Inc. is based in Medford, Oregon, and is in the business of buying and selling new and used cars.

8. Upon information and belief Lithia Motors, Inc. purchased Ray Laks Honda in early 2018, and is an employer as defined by applicable statutes.

9. Plaintiff was an employee of Ray Laks Honda and Lithia Motors, Inc. as defined by applicable statutes.

10. Plaintiff is a woman.

**FACTUAL ALLEGATIONS**

11. Plaintiff commenced work at Ray Laks Honda in February 2008.

12. Michael Laks was the General Manager of Ray Laks Honda during the term of Plaintiff's employment.

13. Plaintiff's job title was Assistant Used Car Manager.

14. Plaintiff was hired to replace Jeffrey Buck as Assistant Used Car Manager upon Mr. Buck's promotion to Used Car Manager. while working as an Assistant Used Car Manager in 2008.

15. When Plaintiff was offered the position of Assistant Used Car Manager, Mr. Buck advised her that she would be earning up to $80,000 per year including commissions.

16. Plaintiff accepted the offer.

17. After Plaintiff accepted the offer, Mr. Buck advised her that he had met with owner, Ray Laks, and Chief Financial Officer, Patrick Kelly, and that Plaintiff would start at a base salary of $30,000 plus commissions.

18. Plaintiff repeatedly requested that Michael Laks increase her pay.

19. Each time Plaintiff requested an increase in pay, her request was denied.

20. Plaintiff's job responsibilities upon hire included keeping track of the used car inventory from Honda and Acura, making sure used cars were presentable for sale, going to auctions, and performing appraisals.

21. Plaintiff took on the following additional responsibilities during the term of her employment: certifying all used Honda vehicles, advertising and pricing vehicles, photographing vehicles for publication on Defendant's website, and, beginning in 2013, authorizing service repairs on used cars prior to sale.

22. Plaintiff was not promoted during the ten (10) year period of her employment.

23. Plaintiff was supervised by Used Car Manager, Jeffrey Buck, during the period 2008 through September 2013.

24. Used Car Manager Jeffrey Buck was discharged from Ray Laks Honda in September 2013.

25. No one was hired to replace Mr. Buck.

26. Plaintiff was required to perform the duties that had previously been performed by the Used Car Manager without a change in title or an increase in her compensation.

27. After Mr. Buck was discharged, the only differences between work performed by Mr. Buck and Plaintiff were that Plaintiff did not do on line purchasing or negotiating with rental car companies, and Plaintiff was sometimes required to obtain pricing approvals from the Desk Manager.

28. The on line purchasing and negotiating with rental car companies was sporadic and targeted.

29. After Mr. Buck's separation from employment, Plaintiff was supervised by at least five (5) different Desk Managers.

30. Each of the five (5) Desk Managers was male.

31. Plaintiff oriented and assisted with the training of each of the male Desk Managers that were hired to supervise Plaintiff.

32. Joseph Grimaldi was originally hired as a sales person.

33. Mr. Grimaldi was later assigned responsibility for Internet marketing and sales.

34. In addition to his regular salary, Mr. Grimaldi was paid to photograph used cars for publication on the Defendants' web site on a per-car basis.

35. Plaintiff assisted Mr. Grimaldi with the photography without additional compensation.

36. Upon information and belief Mr. Grimaldi was discharged in 2013 or 2014.

37. After Mr. Grimaldi's discharge, Plaintiff was required to photograph used cars for publication on Defendants' website.

38. Plaintiff requested compensation for photographing cars for the website on the same basis as Mr. Grimaldi had been compensated.

39. Plaintiff was not paid for the photography.

40. After approximately one year, during which Plaintiff photographed cars for the website without additional compensation, Defendants retained an outside photographer to take the photos.

41. From 2008 to 2018, inclusive, Plaintiff was one of only two female sales managers employed by Defendants.

42. The only other female sales manager was Sharon Strong who was terminated after approximately six (6) months of employment.

43. On information and belief, the other Ray Laks Honda assistant managers' annual salaries in 2008 was approximately $80,000.

44. On information and belief, the annual salary of other Ray Laks Honda managers in 2018 is significantly higher than $100,000.

45. From the date of Plaintiff's hire until 2018 her total annual compensation (salary plus commissions) never exceeded $69,934.

46. Plaintiff trained Michael Laks' son, Alex Laks, to take the Assistant Used Car Manager position in 2017 before Plaintiff went out on maternity leave.

47. After Lithia purchased Ray Laks Honda in early 2018, Plaintiff's salary was not increased to a level commensurate with the salaries of managers employed at the former Ray Laks Honda location of Lithia Motors.

### FIRST CAUSE OF ACTION: VIOLATION OF THE EQUAL PAY ACT

48. Plaintiff reasserts and realleges the allegations set forth in ¶¶ 1 through 47 as though fully set forth herein.

49. Defendants Ray Laks Honda and Lithia Motors, Inc. knowingly and willfully paid Plaintiff lower wages than was paid to similarly situated men for work on jobs requiring equal skill, effort, and responsibility during the period August 2015 through termination.

50. Defendants Ray Laks Honda and Lithia Motors, Inc. repeatedly and willfully violated, Section 6(d) of the Act by discriminating between employees on the basis of sex by paying wages to the Plaintiff at rates less than the rates at which it pays wages to male employees in the same establishment for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which are performed under similar working conditions.

51. Defendant Ray Laks Honda' and Lithia Motors, Inc.'s actions discriminated against Plaintiff on the basis of her sex in violation of the Equal Pay Act, 29 USC § 206.

52. As a result of Defendant Ray Laks Honda and Lithia Motors, Inc.'s action, Plaintiff suffered lost income.

## SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW

53. Plaintiff repeats and realleges the allegations set forth in ¶ 1 through 52 as though fully set forth herein.

54. Defendants knowingly paid Plaintiff lower wages than those paid to similarly situated men.

55. Defendant's actions discriminated against Plaintiff on the basis of her sex in violation of New York Labor Law §194(1).

56. As a result of Defendant's actions, Plaintiff has suffered economic loss, loss of enjoyment of life, emotional pain, and suffering and loss of future earnings.

**WHEREFORE**: Plaintiff respectfully requests this Court to enter Judgment:

1. Holding that Defendants have violated Plaintiff's rights under the Equal Pay Act and New York Labor Law;
2. Awarding Plaintiff back pay;
3. Awarding Plaintiff punitive and liquidated damages to the maximum amount permitted by law;
4. Awarding Plaintiff pre-judgment and post-judgment interest in the maximum amount permitted by law;
5. Awarding Plaintiffs' costs in the action;
6. Awarding Plaintiff attorneys' fees;
7. Providing such other additional relief as to the Court appears just and equitable.

DATED: September 3, 2018

| | |
|---|---|
|   /s/ Anna Marie Richmond   |   /s/ Elizabeth Tommaney   |
| ANNA MARIE RICHMOND | ELIZABETH TOMMANEY |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 2500 Rand Building | 2500 Rand Building |
| 14 Lafayette Square | 14 Lafayette Square |
| Buffalo, NY 14203 | Buffalo, NY 14203 |
| 716-854-1100 | 716-242-1550 |
| annamarierichmond@gmail.com | Liza@TommaneyLegal.com |

**Plaintiff's Consent Pursuant to 29 USC § 216(b)**

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. against my former employers Ray Laks Motor and Lithia Motors, Inc. And any other related entities or affiliates ("Defendant") to recover my pay.

2. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

August 31, 2018

___/s/ Nicole Bolszio_____
Nicole Bolszio