**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
Kathleen Barnett Einhorn, Esq.
Erica M. Clifford, Esq.
Attorneys for Defendants,
Ray Laks Honda and
Lithia Motors, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLE BOLSZIO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RAY LAKS HONDA,<br>LITHIA MOTORS, INC.<br><br>　　　　　Defendants. | Civ. Action No.: 1:18-cv-0968 (GWC)<br><br>**DEFENDANTS RAY LAKS HONDA AND LITHIA MOTORS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

Defendants, Ray Laks Honda ("RLH"), with a primary place of business at 3590 Southwestern Boulevard, Orchard Park, NY 14127 and Lithia Motors, Inc. ("Lithia"), with a primary place of business at 150 North Bartlett, Medford, OR 97501, (collectively, "Defendants"), through their counsel, Genova Burns LLC, by way of their Answer to the Complaint and Jury Demand by Plaintiff, Nicole Bolszio ("Plaintiff"), hereby state as follows:

**AS TO "NATURE OF THE CASE"**

1.　　Defendants admit that Plaintiff purports to bring this action as alleged in Paragraph 1 of the Complaint pursuant to the statutes cited, but deny that there is any basis in law for the allegations contained therein.

1

## AS TO "JURISDICTION AND VENUE"

2. Defendants neither admit nor deny the allegations set forth in Paragraph 2 of the Complaint insofar as they are legal conclusions to which no response is required.

3. Defendants neither admit nor deny the allegations set forth in Paragraph 3 of the Complaint insofar as they are legal conclusions to which no response is required.

4. Defendants neither admit nor deny the allegations set forth in Paragraph 4 of the Complaint insofar as they are legal conclusions to which no response is required.

## AS TO "PARTIES"

5. Defendants admit that Ray Laks Honda has a store location in Orchard Park, New York. Defendants neither admit nor deny the remainder of the allegations set forth in Paragraph 5 of the Complaint insofar as they are legal conclusions to which no response is required.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit that Lithia acquired RLH in early 2018. Defendants neither admit nor deny the remainder of the allegations set forth in Paragraph 8 of the Complaint insofar as it contains a legal conclusion to which no response is required.

9. Defendants neither admit nor deny the allegations set forth in Paragraph 9 of the Complaint insofar as they are legal conclusions to which no response is required.

10. Upon information and belief, Defendants admit that Plaintiff is a woman.

## AS TO "FACTUAL ALLEGATIONS"

11. Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff's job title was Assistant Used Car Manager beginning November 3, 2008 but deny the allegations set forth in Paragraph 13 of the Complaint to the extent that they suggest that Plaintiff was hired to fill that position.

14. Defendants deny that Plaintiff was hired to replace Jeffrey Buck as Assistant Used Car Manager in February 2008. Plaintiff was hired on or about February 25, 2008, as a Honda Sales Follow Up Administrator. On or about November 3, 2008, Plaintiff became the Assistant Used Car Manager for the dealership and Jeffrey Buck became the Used Car Manager.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Complaint and leave Plaintiff to her proofs.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants admit that Jeffrey Buck was separated from employment with Ray Laks Honda in September 2013.

25. Defendants admit that there was no external hire to replace Mr. Buck. Defendants deny the remainder of the allegations set forth in Paragraph 25 of the Complaint to the extent

that they suggest that Mr. Buck was not replaced. Ethan Taylor, an existing Ray Laks employee, became the Used Car Sales Manager following Mr. Buck's separation from employment.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants are unable to admit or deny the allegations set forth in Paragraph 29 of the Complaint insofar as the job title "Desk Manager" is vague and undefined. Insofar as they suggest that Plaintiff had at least five different supervisors, Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants are unable to admit or deny the allegations set forth in Paragraph 30 of the Complaint insofar as the job title "Desk Manager" is vague and undefined. Defendants deny that Plaintiff had at least five different supervisors following Jeffrey Buck's separation from employment with Ray Laks Honda. Defendants admit that Plaintiff's subsequent supervisors were male.

31. Defendants are unable to admit or deny the allegations set forth in Paragraph 31 of the Complaint insofar as the job title "Desk Manager" is vague and undefined. To the extent that Plaintiff alleges that she was responsible for training her supervisors, Defendants deny the allegations.

32. Defendants admit that Joseph Grimaldi was an internet sales employee at Ray Laks Honda.

33. Defendants admit that Mr. Grimaldi performed tasks related to internet marketing and sales as part of his job responsibilities. Defendants deny the remainder of the allegations set

forth in Paragraph 33 of the Complaint insofar as they suggest that these tasks were not always part of Mr. Grimaldi's job responsibilities.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 35 of the Complaint and leave Plaintiff to her proofs.

36. Defendants admit that Joseph Grimaldi was separated from employment with Ray Laks Honda on or about June 25, 2013.

37. Defendants admit that for a short time following Mr. Grimaldi's separation, Plaintiff photographed used vehicles for publication on the Ray Laks website. Defendants then hired an outside vendor to perform these duties on a permanent basis.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants admit that Plaintiff did not receive additional compensation for temporarily photographing used cars for the Ray Laks Honda website.

40. Defendants admit that RLH contracted with an outside vendor to take pictures of its vehicles for the dealership's website. Defendants deny the remainder of the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 43 of the Complaint because Plaintiff does not identify specific job titles or identities of employees. Defendants leave Plaintiff to her proofs.

44. Defendants are without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 44 of the Complaint because Plaintiff does not identify specific job titles or identities of employees. Defendants leave Plaintiff to her proofs.

45. Defendants admit the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants admit that Alex Laks assumed some of the responsibilities of the Assistant Used Car Manager position while Plaintiff was out on maternity leave. Defendants deny the remainder of the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint. Plaintiff began her maternity leave the first week of November 2017, and at the expiration of her extended leave period in April 2018, Plaintiff stated that she was not able to return to her full-time position as Assistant Used Car Manager.

**AS TO "FIRST CAUSE OF ACTION: VIOLATION OF THE EQUAL PAY ACT"**

48. Defendants repeat and reincorporate each of the foregoing responses set forth in this Answer as if fully set forth at length herein.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW"**

53. Defendants repeat and reincorporate each of the foregoing responses set forth in this Answer as if fully set forth at length herein.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

Defendants demand dismissal of Plaintiff's Complaint with prejudice, costs, attorneys' fees, and such other relief as this Court deems just and reasonable.

## SEPARATE DEFENSES

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any action taken by Defendants with respect to Plaintiff was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant to the allegations contained in the Complaint, Defendants acted in full conformity with all applicable statutes and common laws.

## FOURTH AFFIRMATIVE DEFENSE

Defendants did not violate any duty owed to Plaintiff, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants did not discriminate against Plaintiff on the basis of any characteristic protected under law, and took no action against Plaintiff in violation of the Equal Pay Act or the New York Labor Law.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole and/or part by the doctrine of unclean hands and/or by her own conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint in whole and/or part is barred by the applicable statutes of limitations, and/or by the doctrines of estoppel, equitable estoppel, waiver, ratification, laches, and/or good faith and fair dealing.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants took no action, intentional or otherwise, to cause Plaintiff emotional distress.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages caused by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of her own acts or omissions, and/or the acts or omissions of third parties over whom Defendants had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are not liable for any averred actions or omissions on the part of their employees and/or agents insofar as such employees and/or agents were not acting within the scope of employment/agency and/or their actions were contrary to Defendants' good faith efforts to comply with the anti-discrimination and other applicable laws and guidelines.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants did not retaliate against Plaintiff on the basis of any averred conduct by her, or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for compensatory or punitive damages, injunctive relief, costs, interest or for attorneys' fees, nor is Plaintiff entitled to relief under governing law and/or the facts of this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint is barred, in whole or in part, by the Plaintiff's failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against Plaintiff on the basis of her gender or pregnancy-related condition.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff under the New York Labor Law because Defendants did not have a duty to provide a reasonable accommodation to Plaintiff based upon her childcare needs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff under the Equal Pay Act or New York Labor Law because Defendants did not pay similarly situated male employees higher wages for jobs requiring equal skill, effort, and responsibility.

14478621v1 (1686.184)

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily resigned her position following the expiration of her extended leave period, when she communicated to her supervisor that she could not return to her full-time position of Assistant Used Car Manager.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer an adverse employment action because she abandoned her job.

### TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims for relief are barred, in whole or in part, by virtue of Plaintiff's misconduct, evidence of which was acquired by Defendants after Plaintiff's separation from employment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to satisfy, exhaust, and/or comply with the necessary statutory and/or administrative prerequisites prior to the commencement of this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

**GENOVA BURNS LLC**
Attorneys for Defendants,
Ray Laks Honda, and Lithia Motors, Inc.

By: */s/ Kathleen Barnett Einhorn*
KATHLEEN BARNETT EINHORN

DATED: October 23, 2018